UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMONT WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-CV-500 RLW |
| ) | |
| ASHLEY SMITH-BAILEY, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on self-represented plaintiff Jamont Williams' application to proceed in the district court without prepaying fees and costs. The Court will grant plaintiff's application and assess an initial partial filing fee of $1.00. Based on the allegations in the complaint, the Court will dismiss this action without prejudice for failure to state a claim upon which relief may be granted.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted an inmate account statement as required by 28 U.S.C. § 1915(a)(2). Nevertheless, having reviewed the information contained in the motion, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without prepayment of fees and costs if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a self-represented plaintiff's complaint under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented

plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 alleging defendants are violating his constitutional rights in his pending state court criminal case, *State v. Williams*, No. 20-SL-CR04807-01 (St. Louis Cnty. filed Jul. 7, 2021). On October 8, 2020, plaintiff was charged with one count of assault in the first degree—serious physical injury or special victim, one count of assault in the second degree, and two counts of armed criminal action. *See State v. Williams*, No. 20SL-CR04807 (21st Jud. Cir., St. Louis Cnty, Mo.). The assistant prosecuting attorney assigned to the case is Ashley Bailey-Smith; Paula Gutierrez is plaintiff's public defender; and Joseph Shocklee Dueker was the presiding judge.[1] Plaintiff has sued all three in both their individual and official capacities.

Plaintiff states that on January 3, 2022, Bailey-Smith filed a fake letter in plaintiff's name to terminate his speedy trial request. He states that she did this again on January 18, 2022. Apparently plaintiff filed requests for speedy trial directly with the court, without going through his attorney. Both appear on the state court docket sheet as "Filing: COPY OF INMATE'S LETTER SENT TO PROSECUTING ATTORNEY'S OFFICE FOR DETERMINATION OF SPEEDY TRIAL REQUEST," and both docket entries include an entry that reflects the simultaneous filing of a motion to dismiss for violation of statutory and constitutional right to speedy trial. *Id.* (filed Jan. 3, 2022, and Jan. 18, 2022).

On May 20, 2022, plaintiff states that his public defender Gutierrez told him she was not ready for trial. Plaintiff states that he had made it clear to Gutierrez he was representing himself.

---

[1] Judge Dueker is no longer a Circuit Judge in St. Louis County Circuit Court. On June 1, 2023, Judge Dueker began a term as a United States Magistrate Judge in this Court.

He alleges Gutierrez was "cancelling my court dates." He states that on August 15, 2022, Gutierrez signed off on the Order of Commitment, representing that plaintiff is not mentally fit for trial. He states that she did not inform him. He states she refused to give him a copy of the "fake" letter the prosecutor had filed in his name between May and August 2022.

Finally, plaintiff states that on June 11, 2022, Judge Dueker "came out of nowhere and ordered a mental examination." Plaintiff states that he filed a motion for speedy trial and a notice of violation of speedy trial, but his speedy trial request was superseded by the order for a mental examination. Plaintiff states that the Judge wanted to "cancel out my speedy trial request, that's why he didn't order the examination until 2 months after I filed those motions." Plaintiff also states that Judge Dueker had him sent to solitary confinement, after plaintiff had mailed the Judge threatening letters. Plaintiff states, "The judge lied on me saying that I was calling him and threatening him so he had me sent to the hole and I lost my single cell."

Plaintiff states that these violations did not cause him physical injuries, but mental health injuries. For relief, plaintiff seeks actual and punitive damages of $300,000.

## Discussion

*Defendant Ashley Smith-Bailey, Assistant Prosecuting Attorney*

Prosecutors are immune from § 1983 liability so long as the actions complained of appear to be within the scope of prosecutorial duties. *Price v. Moody*, 677 F.2d 676, 677 (8th Cir. 1982); *see also Keating v. Martin*, 638 F.2d 1121, 1122 (8th Cir. 1980). The immunity enjoyed by prosecutors from § 1983 actions can be either absolute or qualified. *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996). A prosecutor is entitled to absolute immunity if he or she is acting as an advocate for the State in a criminal prosecution. *Id*. On the other hand, a prosecutor is entitled to only qualified immunity when he or she pursues actions in an "investigatory" or "administrative" capacity. *Id*.

"Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case insofar as that conduct is intimately associated with the judicial phase of the criminal process." *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016). For instance, "[t]he acts of preparing, signing, and filing a criminal complaint constitute prosecutorial functions, as they are advocacy on behalf of the government." *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006). Because prosecutorial immunity depends on the functional nature of the prosecutor's activities, immunity is not defeated by "allegations of improper motive in the performance of prosecutorial functions." *Sample*, 836 F.3d at 916. Absolute immunity still applies even when there are allegations of malice, vindictiveness, or self-interest. *Reasonover v. City of St. Louis, Mo.*, 447 F.3d 569, 580 (8th Cir. 2006).

Plaintiff alleges the assistant prosecutor filed "fake" letters in his case. The docket does not reflect any fake letters being filed, only plaintiff's requests for a speedy trial. Regardless, even if the prosecutor had filed letters with an improper motive or maliciously, she would still be entitled to absolute immunity. Because plaintiff's allegations concern the prosecutor acting in her prosecutorial function, the Court finds she is entitled to absolute immunity. Plaintiff's claims against Ashley Smith-Bailey will be dismissed.

*Defendant Paula Gutierrez, Public Defender*

Plaintiff's individual capacity claim against Gutierrez must be dismissed because she was not acting under color of state law. To state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). To that end, only state actors can be held liable under § 1983. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008); *see also Magee v. Trustees of Hamline Univ., Minn.*, 747 F.3d 532, 535 (8th Cir. 2014) (stating that § 1983

"imposes liability for certain actions taken under color of law that deprive a person of a right secured by the Constitution and laws of the United States").

Here, plaintiff alleges Gutierrez is an attorney with the Public Defender's Office. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *see also Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992) (stating that attorneys who represented plaintiff, "whether appointed or retained, did not act under color of state law and, thus, are not subject to suit under section 1983"). Nothing in plaintiff's complaint indicates that Gutierrez was acting outside the traditional functions of defense counsel in a criminal case. His allegations concern her filing motions for extensions of time and signing the Order of Commitment, both of which are part of a defense attorney's representation of a client. Because Gutierrez was not acting under color of law, § 1983 does not apply to her. Plaintiff's claims brought against Gutierrez in her individual capacity will be dismissed.

Plaintiff's claims brought against Gutierrez in her official capacity are also subject to dismissal. An official capacity claim against an individual is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). In order to prevail on an official capacity claim, plaintiff would have to establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Plaintiff has not alleged such governmental liability, and therefore his official capacity claims against defendant Gutierrez will be dismissed.

*Defendant Judge Joseph Shocklee Dueker*

Because a judicial officer exercising the authority in which he or she is vested should be free to act upon their own convictions, judicial immunity provides a judge with immunity from suit. *Hamilton v. City of Hayti, Mo.,* 948 F.3d 921, 925 (8th Cir. 2020). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity applies even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *see also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice"). Moreover, "a judge will not be deprived of his immunity because the action he took was in error or was in excess of his authority." *Justice Network, Inc. v. Craighead Cnty.*, 931 F.3d 753, 760 (8th Cir. 2019).

A judge's immunity from § 1983 actions bars a plaintiff's recovery in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). First, a judge does not have immunity for non-judicial actions. *Duty v. City of Springdale, Ark.*, 42 F.3d 460, 462 (8th Cir. 1994). Second, a judge is not immune from lawsuits based on actions taken in the complete absence of jurisdiction. *Duty*, 42 F.3d at 462. This is the case even if the judge's actions were judicial in nature. *Schottel*, 687 F.3d at 373.

Plaintiff's allegations against Judge Dueker involve his signing of an Order of Commitment and his response to three threatening letters filed by plaintiff. Both of these actions are judicial in nature and neither were taken without jurisdiction. Plaintiff has made no allegations otherwise. Plaintiff's claims fall squarely within Judge Dueker's judicial immunity from liability. For this reason, plaintiff's claims against Judge Dueker will be dismissed for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within **thirty (30) days** of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(b).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED as moot**. [ECF No. 4]

An order of dismissal will accompany this memorandum and order.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 16th day of June, 2023.